IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES LEONARD HINES, ) | |
| ) | |
| Appellant; ) | |
| ) | |
| vs. ) | 5:14-cv-01458-LSC |
| ) | |
| SCOTTSBORO INVESTMENT ) | |
| GROUP, ) | |
| ) | |
| Appellee. ) | |
| ) | |

### Memorandum of Opinion and Order

Before the Court is James Leonard Hines's ("Hines") appeal from the bankruptcy court's order denying Hines's motion to convert his case from a Chapter 7 bankruptcy proceeding to a Chapter 13 proceeding. For the reasons stated below, the bankruptcy court's ruling is due to be affirmed.

### I. Background

Hines filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on October 2, 2013. Hines's original summary of schedules listed $1,245,327.14 in secured debt, and valued his assets at $187,909.23. (Bankr. Doc. 3.) On May 2, 2014, Hines's sought to convert his case to a Chapter 13

proceeding pursuant to 11 U.S.C. § 706(a). Scottsboro Investment Group, Inc. ("SIG"), one of Hines's largest creditors, opposed the motion to convert, arguing (1) that Hines's indebtedness exceeded that allowed under Chapter 13, and (2) that there was evidence that Hines's attempt to convert was in bad faith. Following a hearing, the bankruptcy court denied the motion to convert. Hines filed a motion to reconsider. The bankruptcy court denied the motion to reconsider, prompting Hines to file a notice of appeal on June 17, 2014. Hines also amended his schedule on June 17, 2014; he now lists $1,065,329.14 in secured debt and $487,909.32 in total assets. (Bankr. Doc. 74.)

## II. STANDARD OF REVIEW

This Court functions as an appellate court in reviewing the bankruptcy court's denial of a motion to convert. *See In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). The Court reviews a bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003). A bankruptcy court's factual findings are not "clearly erroneous" unless "'after reviewing all the evidence, [the court is] left with a definite and firm conviction that a mistake has been committed.'" *Id*. (quoting *Lykes Bros., Inc. v. U.S. Army Corps of Engr's*, 64 F.3d 630, 634 (11th Cir. 1995)).

## III. Discussion

Hines argues that the bankruptcy court erred in denying his motion to convert. Specifically, Hines argues that the bankruptcy court based its denial on a clearly erroneous finding of bad faith. In addition, Hines argues that the bankruptcy court allowed doubts about the success of Hines's converted case to improperly influence its decision to deny Hines's motion. SIG argues that Hines is not eligible under Chapter 13, since his indebtedness exceeds the limits put forth in 11 U.S.C. § 109(e) (limiting a Chapter 13 debtor to secured debts of less than $1,149,525.00 and unsecured debts of $383,175.00); *see also* 11 U.S.C. §706(d) (stating that "a case [brought originally under Chapter 7] may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter"). Furthermore, SIG argues that evidence of fraudulent or otherwise dishonest activity on Hines's part should preclude him from converting chapters.

The bankruptcy court did not explain its reasoning when ruling on Hines's motion to convert, thus making it difficult for this Court to review its decision. The order denying the motion to convert contains no insight into the bankruptcy court's rationale, while the order refusing to reconsider the motion to convert merely cites a recent United States Supreme Court case, *Marrama v. Citizens Bank of Massachusetts*,

549 U.S. 365 (2007). In *Marrama*, the Supreme Court addressed the scope of a debtor's right under 11 U.S.C. § 706 to convert from a Chapter 7 proceeding to a Chapter 13 proceeding. The bankruptcy court denied the debtor's motion to convert, citing fraudulent concealment of assets. The debtor appealed, arguing that § 706 allowed an "absolute" right to convert between chapter proceedings. The Supreme Court noted two major restrictions on a debtor's near-absolute right to convert, stating that a debtor's motion to convert may be denied when (1) the amount of indebtedness exceeds the limits of 11 U.S.C. § 109(e), or (2) there is cause to deny the petition, such as bad faith on the part of the debtor. *See Marrama*, 549 U.S. at 373–74. Consequently, the Supreme Court affirmed the bankruptcy court's denial of the motion to convert based on a finding of bad faith. *Id*. at 376.

While the bankruptcy court cited *Marrama*, it did not explain in what capacity it was relying on the decision, nor did the bankruptcy court make any findings of fact concerning Hines's alleged fraudulent behavior. *Marrama*'s "bad faith" rationale is therefore insufficient to support the bankruptcy court's ruling, as the bankruptcy court's failure to explain the factual basis for a finding of bad faith leaves this Court with nothing to review on appeal. Pursuant to Fed. R. Civ. P. 52(a), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7052, a bankruptcy court is required

to state its factual findings to aid the appellate court in understanding the basis of its decision. Consequently, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded." *See In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993); *see also In re Blaise*, 219 B.R. 946, 948 (B.A.P. 2d Cir. 1998) (noting specifically that the Federal Rules of Bankruptcy Procedure require factual findings when denying a motion to convert based on disputed factual grounds, and stating that failure to do so "may be cause for remand" (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 292 n.22 (1982))). However, the requirement for factual findings is excused when it is possible for the reviewing court to determine clearly a sufficient basis for the bankruptcy court's decision. *See id.*

In addition to its bad faith argument, SIG also asserts that Hines is not eligible for Chapter 13 status because his debt exceeds the allowable statutory amount. As part of the initial bankruptcy proceedings, Hines was required to file schedules listing his total indebtedness and total assets. SIG argues that, by Hines's own admission, much of his "secured" debt is actually *under*secured, since Hines's schedules show a large gap between the value of his secured debt and the value of his assets.[1] This gap

---

[1] SIG uses the values listed in Hinds's original schedule. Hines listed $1,245,327.14 in secured debt and only $1,87,909.23 in total assets, leaving approximately $1,050,000 in undersecured debt. Hines has since filed an amended schedule, though it still leaves a significant gap between the value of his secured debt and the value of his assets.

represents the undersecured portion of Hines's debt, and far exceeds § 109(e)'s unsecured debt limitation for Chapter 13 eligibility. In response, Hines argues that SIG never raised this eligibility issue during bankruptcy court proceedings, and thus should not be allowed to raise it for the first time on appeal. However, SIG's filed objection to Hines's motion to convert contends that "[d]ebtor is not eligible to be a debtor under Chapter 13 pursuant to Section 109(e) of the Bankruptcy Code." *See* Bankr. Doc. 64, at 1.

Reviewing Hines's stated indebtedness, this Court determines that § 109(e)'s debt limitations do provide a rationale for the bankruptcy court's denial of Hines's motion to convert.[2] When deciding whether an individual's unsecured debts exceed § 109(e)'s limitations, bankruptcy courts include undersecured debt in their calculations. *See, e.g.*, *In re Grenchik*, 386 B.R. 915, 917–18 (Bankr. S.D. Ga. 2007) (stating that "[a]ll of the circuit courts and the vast majority of the bankruptcy courts hold that the undersecured portion of debts must be included in the unsecured debt limitation of § 109(e)").[3] Hines's most recent schedule—amended after the

---

[2] As stated, the *Marrama* Court did briefly discuss § 109(e)'s debt limitations. *See Marrama*, 549 U.S. at 373–74. Thus, the bankruptcy court's citation to *Marrama* has relevance even if *Marrama*'s bad faith holding is inapplicable here.

[3] Citing *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 983 (9th Cir. 2001); *In re Soderlund*, 236 B.R. 271, 273–74 (9th Cir. B.A.P. 1999); *In re Ficken*, 2 F.3d 299, 300 (8th Cir. 1993); *Brown & Co. Sec. Corp. v. Balbus (In re Balbus)*, 933 F.2d 246, 247 (4th Cir. 1991); *Miller v. United States*, 907

bankruptcy court denied his motion to convert—indicates that he has $1,065,329.14 in secured debt and only $487,909.32 in assets. Thus, Hines has $577,419.82 in undersecured debt. Counting this undersecured portion as "unsecured debt" for the purposes of § 109(e), Hines exceeds the Chapter 13 unsecured debt limitation by almost $200,000.

Furthermore, this Court is not swayed by Hines's argument that the entire value of his debt to SIG should be considered "secured debt" for the purposes of § 109(e) because SIG listed its claim as "secured" in its proof of claim form. The Eleventh Circuit has stated that a Chapter 13 debtor may bifurcate creditor's "secured" claims into both secured and undersecured portions, with the claim considered secured "only to the extent of the value of the property on which the lien is fixed." *See In re Paschen*, 296 F.3d 1203, 1206 (11th Cir. 2002) (internal quotations omitted). It would defy common sense not to also consider the undersecured portion

---

F.2d 80, 82 (8th Cir. 1990); *Matter of Day*, 747 F.2d 405, 406 (7th Cir. 1984); *United States v. Dallas*, 157 B.R. 912, 913 (S.D. Ala. 1993); *In re Harrold*, 257 B.R. 916, 916–17 (Bankr. W.D. Ark. 2000); *In re Prosper*, 168 B.R. 274, 278 (Bankr. D. Conn. 1994); *In re Strober*, 136 B.R. 614, 625(Bankr. E.D.N.Y. 1992); *In re Mason*, 133 B.R. 877, 878–79 (Bankr. N.D. Ohio 1991); *In re Rifkin*, 124 B.R. 626, 628 (Bankr. E.D.N.Y. 1991); *In re Jerome*, 112 B.R. 563, 566 (Bankr. S.D.N.Y. 1990); *In re Bos*, 108 B.R. 740, 741–42 (Bankr. D. Mont. 1989); *United States v. Edmonston*, 99 B.R. 995, 999 (E.D. Cal. 1989); *In re Potenza*, 75 B.R. 17, 19 (Bankr. Nev. 1987); *Matter of Martin*, 78 B.R. 928, 929–30 (Bankr. S.D. Iowa); *In re Bobroff*, 32 B.R. 933, 935–36 (Bankr. E.D. Pa. 1983); *In re Ballard*, 4 B.R. 271, 274–75 (Bankr. E.D. Va. 1980).

of a secured claim in the context of § 109(e)'s debt limitations. *See Matter of Day*, 747 F.2d 405, 407 (7th Cir. 1984) (stating that "a contrary interpretation of section 109(e)" could lead to debtors "easily circumvent[ing]" § 109(e)'s unsecured debt limitation to achieve Chapter 13 eligibility); *see also* S. Rep. 95-989, at 23 (1978) (stating that "the terms 'debt' and 'claim' [under the Bankruptcy Code] are coextensive: a creditor has a 'claim' against the debtor; the debtor owes a 'debt' to the creditor").

Because Hines's unsecured indebtedness exceeds the amount allowed under 11 U.S.C. § 109(e), he is ineligible for Chapter 13 status. Thus, the bankruptcy court properly denied his motion to covert from Chapter 7 to Chapter 13.

## IV. Conclusion

For the forgoing reasons, the bankruptcy court's denial of Hines's motion to convert is AFFIRMED.

Done this <u>4th</u> day of <u>December 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822